**Lee A. NEWMAN, Plaintiff-Appellee,**

v.

**MELTON TRUCK LINES, INC., and Bobby R. Bolton, Defendants,**

**Philip Mansour, Intervenor-Appellant.**

**No. 71–1055.**

United States Court of Appeals, Fifth Circuit.

June 10, 1971.

Philip Mansour, pro se. Martin A. Kilpatrick, Greenville, Miss., for appellant.

S. Ira Pittman, Jr., Greenville, Miss., W. Scott Welch, III, Jackson, Miss., Fred C. DeLong, Jr., Greenville, Miss., Frank W. Hunger, Greenville, Miss., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for appellee.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

PER CURIAM:

The intervenor-appellant here complains of the inadequacy of the fee allowed him by the trial court as a result of his rights under employment as counsel for the successful litigant in a personal injury damage suit, when the former client released him and hired other counsel who pursued the matter to a settlement with the alleged tort feasor.

Mr. Mansour was engaged on a one-third contingent fee by Mr. Newman in his suit against Melton Truck Lines, Inc. and Bobby R. Bolton. After performing the usual and necessary services in connection with obtaining evidence and making necessary reports to the state agencies involved during a two week period Mr. Mansour was informed by Mr. Newman that he wished to terminate his services. At that point Mr. Mansour declined to submit a statement for his services, on the basis that it was impossible to determine how much he would

be entitled to until the case was concluded. Thereafter, the case was settled for the sum of $22,500. Thereafter, Mr. Mansour was allowed to intervene to seek payment of his attorney's fee and the trial court held a full hearing on this matter.

Impartial expert evidence was given by other lawyers as to the value of the services actually performed by the intervenor before his services were terminated. The amount thus given was $350.00. The intervenor claimed that he was entitled to his full one-third of the recovery or $7,500.

The trial court made the following findings of fact:

"The reasonable value of the professional legal services rendered by intervenor to plaintiff, as aforesaid, *taking into account all of the facts and circumstances in this case* and the reasonable compensation which intervenor is entitled to receive therefor, on a quantum meruit basis, out of the judgment proceeds, is hereby fixed, set, and allowed in the sum of $500." (Emphasis added.)

The trial court clearly determined that under such circumstances as were here presented Mansour was not entitled to the full contingent fee agreed upon. It is equally clear, however, that in reaching the amount the court felt represented a quantum meruit it took into account the existence of the contingent fee contract and the amount of the recovery. The appellant here argues quite persuasively that such consideration as the trial court may have given to the existence of his rights under the contingent fee contract did not produce much by way of payment in excess of the amount testified to as properly covering the actual services performed by him prior to his discharge. Nevertheless, we feel that in the absence of any Mississippi cases controlling the trial court had the right to fix the fee on a quantum meruit basis while taking into consideration the existence of the contingent fee contract and the results accomplished. See Shattuck v. Pennsylvania Railroad Company,

D.C., 48 ⎯⎯ 346. For the citation of other cases supporting this theory of recovery, see 7 C.J.S. Attorney and Client § 169, page 1029.

The judgment is affirmed.